UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>WAYNE CHARLES SEWELL,<br><br>     Defendant. | CASE NO. CR10-217-RSL<br><br>DETENTION ORDER |

Offense charged:

 Conspiracy to Commit Wire Fraud

Date of Detention Hearing: August 20, 2010

 The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required; and his release would raise concerns of possible witness tampering.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant has a very lengthy criminal record, including but not limited to convictions for carrying a concealed weapon (2 cases), assault 4th (two cases), violations of no contact orders and domestic violence (three cases), possession of marijuana (2 cases), controlled substance violation, disorderly conduct, and reckless burning.  He also has a large number of convictions for driving with a suspended license.

(2) The pretrial services report lists 24 different failures to appear, many of which resulted in the issuance of bench warrants.

(3) Defendant was indicted on July 11, 2010.  Although defendant was fully aware there was a warrant for his arrest, he did not self-surrender, and attempted to avoid contact with federal law enforcement authorities.  Contacts with his father and former girlfriend to encourage him to surrender were unsuccessful.  This evasion is consistent with his longstanding pattern of failures to appear as directed, and reinforces concerns about whether he would be likely to make court appearances if released on bond.

(4) The indictment alleges defendant picked up dozens of wire transfers of funds, and that he and his co-defendant received in excess of $3 million in the course of their wire fraud scheme.  There is no evidence as to the amount of defendant's share, or what has happened to those funds.  Potentially, they are available to assist him in avoiding his required appearances if released in this case.

(5) The United States proffered that alleged victims of the offense in this case were contacted by associates Mr. Stuart, who is the principal defendant in this case; that the victims were told they should not cooperate with law enforcement if they wanted a chance ever to receive any of their money back; and that one of the associates making these contacts was "Charlie," a name by which defendant Sewell has been known.  It

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

has not yet been established with certainty that this defendant made any of those contacts; but this information raises concerns about the potential of witness tampering, if defendant were released.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 20th day of August, 2010.

s/ John L. Weinberg
United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)